

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable K. C. Outlaw
County Attorney
Garza County
Post, Texas

Dear Sir:

Opinion No. O-4534
Re: Operation of the food stamp
plan in Garza County.

Your letter of recent date requesting the opinion of this department on the above stated proposition reads as follows:

"The Commissioners' Court of this County, at a special meeting with three Commissioners and the County Judge present, recently tentatively agreed with a representative of the Federal Government that they would enter into a contract to deposit the sum of Seven Hundred Fifty & no/100 ($750.00) Dollars as a minimum rotating sum with an agent to be chosen in Amarillo, Potter County, Texas, to be used in a food stamp plan undertaking. The sum to be so deposited to be taken from the General Fund.

"This contract was submitted to me as County Attorney for approval which I declined for the following reasons:

"1. The County Depository provided for in Article 2544 et seq., has been duly and legally selected and, as said in the case of Nolan County Vs. Simpson & Co., 74 Texas 218 (pages 221 and 222) the method of administering the finances of counties is fully provided for by statute and the requirements of the law may not be dispensed with. In the proposed contract funds would not only be kept out of the county in a depository not authorized by law but would also be expended in a manner contrary to the registration and classification of claims.

"2. That if there is a discretion in the matter then such was attempted at a special term of the court and without the presence of all members and cannot be done in such manner. Anderson v. Parsley, 37 S.W. (2d) 358. If there be no discretion in the handling of county finances then it is apparent the statutes must be strictly as the selecting of depositories is a special statutory proceeding.

"3. That the budget of the county having been set up during August of 1941 for the year then additional items cannot be included.

"4. The General Fund being insufficient the proposed expenditure would necessarily be a charge against future years.

"There are various other phases of the proposed contract about which I am doubtful but I am sure your office is familiar with this type of situation and that it will not be necessary to go into them with you.

"The County Judge has requested that I ask your opinion and I too would appreciate it."

Article 2351-17, Vernon's Annotated Civil Statutes, empowers the commissioners court of any county of this State to create a revolving fund or funds and to make appropriations thereto out of the general revenues of said county or counties to be used by said county or counties in cooperation with the United States Department of Agriculture to aid and assist in carrying out the purposes and provisions of an act of Congress of the United States pertaining to the distribution of commodities to persons in need of assistance, under the direction of the United States Department of Agriculture. This statute further provides that the powers granted therein to such counties may be exercised by two or more counties in conjunction with each other and in cooperation with the United States Department of Agriculture. And when such powers are exercised by two or more counties jointly, the county judges of such counties shall appoint the issuing officer fix such appointee's bond and do all other things necessary to cooperate with the United States Department of Agriculture in the same and like manner as is therein granted to any one county of this State. The only fund out of which stamps may be purchased or a revolving fund set up, is the general fund of a county. If these funds are available, the revolving fund and the necessary operating expenses can be set up out of the general fund.

Under the facts stated in your letter, especially under the paragraph designated as number four, there are no available funds in the general fund of your county which can be used in setting up the revolving fund. This being true, we are of the opinion that Garza County cannot at this time participate in "the food stamp plan".

You have mentioned several reasons why you declined to approve the above mentioned contract. As the county does not have sufficient money in the general fund of the county to set up the revolving fund, as above stated, we do not think that the county can participate in the food stamp plan. Therefore, we do not deem it necessary to discuss the other reasons mentioned in your letter relating to your disapproval of the contract.

In connection with the foregoing we direct your attention to our opinions No. 0-4006 and No. 0-4428, regarding similar questions. We enclose copies of these opinions for your convenience.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By (Sgd.) ARDELL WILLIAMS
Assistant

APPROVED APR. 27, 1942

(Signed) GROVER SELLERS
First Assistant Attorney General

AW:AMM

ENCLOSURES

APPROVED Opinion Committee
By B.W.B. Chairman

WJF